**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| WILLIE REID, | : |
| Plaintiff | : |
| v. | :  Civil Action No. WMN-06-2390 |
| WARDEN | : |
| Defendant | ..o0o.. |

**MEMORANDUM**

Pending is a pro se civil rights Complaint filed by Willie Reid, a state prisoner at the Maryland House of Correction. Although Reid has neither submitted the civil filing fee nor a motion to proceed in forma pauperis, the Court will grant him leave to proceed in forma pauperis for the limited purpose of preliminary review. Upon review of the pleading, the Court will dismiss the Complaint without prejudice to refiling after exhaustion of administrative remedies.

The gravamen of the Complaint is that corrections officers damaged Reid's personal property during a cell search. Reid states the damaged and/or destroyed items included a wrist watch, unspecified religious items and legal materials.[1] Reid also generally complains that since July of 2006, inmates have "been treated like dogs. No clean clothes. No showers. Cold spoil [sic] food. And especially no medical help." Paper No. 1. Reid also states he was body-slammed on his neck and back during the cell search.

---

[1] This Court denied Reid's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus on March 8, 2001. The United States Court of Appeals for the Fourth Circuit denied a Certificate of Appealability on July 7, 2001.

To the extent Plaintiff is alleging a constitutional violation occurred when he was deprived of his personal property, the Due Process Clause requires the availability of an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U.S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Maryland's Tort Claims Act provides such a remedy. *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).

To the extent Plaintiff seeks money damages for poor conditions of confinement and/or an assault by correctional officers during the cell search, his claims are dismissed without prejudice. Under the Prison Litigation Reform Act ("PLRA") a prisoner is required to exhaust his administrative remedies before filing a § 1983 action concerning his confinement. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). This provision is mandatory, and prisoners must exhaust all available remedies, even those where the relief requested cannot be granted administratively. *See Booth v. Churner,* 532 U.S. 731 (2001), *see also Woodford v. Ngo*, 126 S.Ct. 2378 (2006) (exhaustion of administrative remedies is mandatory and must be proper). Exhaustion is also required in all suits challenging prison conditions, not just suits brought under § 1983. *See Porter v. Nussle*, 534 U.S. 516 (2002). For these reasons, the Complaint will be dismissed without prejudice. A separate Order follows.

<u>September 29, 2006</u>             /s/
Date                    William M. Nickerson
                    United States District Judge

2